IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMES DOUGLAS HAYES,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE<br><br><br>Case No. 2:16-CR-261 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion in Limine to Exclude Evidence. For the reasons set forth below, the Court will deny Defendant's motion.

## I.   DISCUSSION

Defendant argues that the Court should order Plaintiff and its witnesses to refrain from making any direct or indirect mention before the jury of the following: (1) The possession of a stolen firearm by co-defendant Monty Simpson; (2) The presence of a personal use amount of methamphetamine and paraphernalia located in the travel trailer; and (3) Mr. Hayes's alleged use of methamphetamine prior to his arrest.  Defendant argues that this evidence is inadmissible because it is irrelevant under Federal Rules of Evidence 401 and 402, unfairly prejudicial under Rule 403, and improper character evidence under Rule 404(b).

Rule 401 defines relevant evidence as that which "has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action."  Under Rule 402, irrelevant evidence is inadmissible.  Rule 403 provides that a "court may exclude relevant evidence if its probative value is substantially

outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[1] Rule 404(b)(1) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  However, such evidence may be used for a different, proper purpose "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."[2]

### A.  Evidence of a stolen firearm

During a search of the travel trailer, police officers located a handgun in a bag which also contained personal use amounts of methamphetamine.  Several individuals alleged that the gun and methamphetamine belonged to Monty Simpson, a co-defendant.  The gun was in proximity to the larger cache of methamphetamine in the travel trailer.  Defendant argues that this evidence may be relevant to the co-defendant's knowledge or intent to participate in an alleged conspiracy to distribute methamphetamine, but is not relevant to Defendant's knowledge and/or intent to do so.  Defendant also argues that the presence of the gun is not probative of Defendant's involvement in an effort to transport or conceal the travel trailer.

The Government points out that the evidence of the gun corroborates Mr. Simpson's statement that he was asked to accompany Defendant on this trip in order to provide security for the drug transaction, and argues that the gun is highly probative of whether Defendant conspired with his travelling companions to distribute methamphetamine.  In *United States v. Martinez*, the

---

[1] Fed. R. Evid. 403.

[2] Fed. R. Evid. 404(b)(2).

Tenth Circuit stated that items such as guns and uncharged quantities of illegal drugs are "tools of the trade" for the distribution of illegal drugs, and have "been held to be probative of an accused's participation in the drug distribution business and, more specifically, his or her participation in charged distribution offenses."[3]  In *Martinez*, the court upheld the admission of evidence relating to a firearm stored in a "stash house" despite the fact that the accused had not been charged with an offense directly related to his possession of the gun.[4]

This case is analogous to *Martinez*.  Like the gun hidden in the stash house, this gun was hidden in proximity to the cache of drugs.  In *Martinez*, the connection between the accused and the gun was simply that it was hidden at the place where drugs were stored and where the accused made a brief stop, presumably to obtain drugs.  Here, the gun was hidden both in proximity to personal use amounts of methamphetamine and the larger cache.  The fact that Defendant Hayes was pulling the trailer and was using personal use amounts of methamphetamine while traveling creates a connection between Hayes, the methamphetamine, and the location of the gun.  This connection is comparable to that in *Martinez.*  The Court finds that evidence of the gun is sufficiently probative to warrant admission under Rules 401 and 402.  Further, the probative value of this evidence is not substantially outweighed by its prejudicial effect.

### B.  Evidence of personal use amounts of methamphetamine

In addition to the gun, police officers found a personal use amount of methamphetamine and paraphernalia in the bag claimed by Monty Simpson.  Defendant argues that this evidence is

---

[3] *United States v. Martinez*, 938 F.2d 1078, 1083 (10th Cir. 1991).

[4] *Id.* at 1084–85.

irrelevant.  Defendant points out differences between the personal use amount and the larger cache which is the subject of counts I and II, including location, amount, and packaging.

The Government argues that evidence of uncharged amounts of methamphetamine is probative of Defendant's participation in drug distribution.  In *Martinez*, the Tenth Circuit included "uncharged quantities of illegal drugs" in a list of items that courts have often held "sufficiently probative to warrant admission under Fed.R.Evid. 403."[5]  Like the gun, it is "basically immaterial to the admissibility inquiry" whether Defendant was charged in relation to this smaller amount of methamphetamine.[6]  The Court finds that the evidence of personal use amounts of methamphetamine in the trailer is probative evidence of Defendant's participation in the charged distribution offense and is admissible under Rule 403.

### C.  Evidence of Defendant's prior use of methamphetamine

Defendant admitted to smoking methamphetamine on the day of his arrest, and there is evidence that Defendant previously used methamphetamine.  Defendant argues that evidence of this use is irrelevant to whether he knew of or intended to participate in a conspiracy to distribute methamphetamine.  The Court disagrees.  This evidence is probative on the issues of whether Defendant had the intent or knowledge necessary to commit the crimes charged.

Defendant argues that even if this evidence is relevant, its probative value is outweighed by a danger of unfair prejudice because it will evoke feelings of bias or ill will against Defendant.  The Court finds that Defendant's prior use of methamphetamine is prejudicial, but

---

[5] *Id.* at 1083.

[6] *Id.*

4

not unfairly prejudicial, and that any danger of unfair prejudice is outweighed by the probative value of this evidence.

Defendant further argues that this evidence is improper character evidence and should be excluded under Federal Rule of Evidence 404(b).  While evidence may not be admitted solely to show a propensity to engage in alleged conduct, evidence that bears on a relevant issue in the case, such as motive, opportunity, knowledge, identity, absence of mistake, or lack of knowledge is allowed under Rule 404(b).  The Tenth Circuit "has time and again held that past drug-related activity is admissible other-acts evidence under Rule 404(b) to prove, inter alia, that the defendant had the knowledge or intent necessary to commit the crimes charged."[7]  The Court finds that Defendant's prior use of methamphetamine may be used to show knowledge, plan, motive or intent to participate in the alleged crimes.  Therefore, the evidence is probative of a material issue other than character and is admissible.

## II.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion in Limine to Exclude Evidence (Docket No. 49) is DENIED.

DATED this 2nd day of December, 2016.

BY THE COURT:

District Judge Ted Stewart
United States District Judge

---

[7] *United States v. Watson*, 766 F.3d 1219 (10th Cir. 2014) (citing numerous cases in support).

5