IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                     Plaintiff,<br>v.<br><br>JAMES DOUGLAS HAYES,<br><br>                     Defendant. | MEMORANDUM DECISION AND ORDER GRANTING GOVERNMENT'S MOTION IN LIMINE REGARDING DEFENDANT HAYES'S CRIMINAL HISTORY<br><br><br>Case No. 2:16-CR-261 TS |

This matter is before the Court on the Government's Motion in Limine Regarding Defendant Hayes's Criminal History. For the reasons set forth below, the Court will grant the Government's Motion.

I.   DISCUSSION

Under Federal Rule of Evidence 609(a)(1)(B), a defendant's felony conviction "must be admitted in a criminal case in which the witness is the defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant." When more than ten years have passed since the witness's conviction or release from confinement—whichever is later—the felony conviction is admissible only if "the probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect."[1]

---

[1] Fed. R. Evid. 609(b).

1

### A. Defendant's 2008 conviction for possession of a controlled substance

This conviction falls within the past ten years, and therefore is admissible if its probative value outweighs its prejudicial effect. Defendant makes no argument that the 2008 conviction is inadmissible, but the Court must still weigh its probative value against its prejudicial effect. A central issue in this case appears to be Defendant's access to and knowledge of methamphetamine hidden in a trailer attached to his truck. In the event that Defendant attempts to downplay his access to or knowledge of methamphetamine at trial, the 2008 conviction will become probative in evaluating his character for truthfulness. The probative value of this conviction outweighs its prejudicial effect, and will be admissible for impeachment purposes on cross-examination of Defendant.

### B. Defendant's 2005 convictions for drug-trafficking crimes

Defendant was convicted in 2005 and served a prison term until being released from custody in October 2006. This falls outside the ten-year window, and therefore these convictions are admissible only "if the probative value, supported by specific facts and circumstances, substantially outweighs [their] prejudicial effect."[2] The probative value of convictions "varies with their nature and number."[3]

The 2005 conviction involved facts that are analogous to those in this case. Here, the alleged conduct includes knowledge of and access to methamphetamine hidden in a compartment in a trailer attached to Defendant's truck. In 2005, the conduct involved methamphetamine hidden in Defendant's living quarters, and the search in that case turned up containers with

---

[2] Fed. R. Evid. 609(b).

[3] *United States v. Howell*, 285 F.3d 1263, 1268 (10th Cir. 2002) (quoting *United States v. Burston*, 159 F.3d 1328, 1335 (11th Cir. 1998)).

hidden compartments and drug paraphernalia.  While these convictions are prejudicial, the factual similarities heighten their probative value.  The Court finds that their probative value substantially outweighs their prejudicial effect, and will allow these convictions to be used for impeachment.  While the Court will allow evidence of these convictions for impeachment purposes, the Court will not allow the government to use the 2005 convictions in its case-in-chief as requested in its Notice of 404(b) Evidence without further information.

### C. Limitations on impeachment

The Government asks that the Court limit cross-examination to the nature of the conviction and its general felony punishment range.  The Tenth Circuit has held that the nature of the felony convictions should ordinarily be included,[4] and has stated that nothing more is required under Rule 609(a)(1).[5]  The Tenth Circuit has also favorably cited the proposition that "the impeaching party is generally limited to establishing the bare facts of the conviction: usually the name of the offense, the date of the conviction, and the sentence."[6]  The Court finds the Government's proposed limitations on impeachment by prior felony conviction appropriate.  When a party attacks a witness's character for truthfulness by evidence of a criminal conviction in this case, the Court will limit the cross-examination to the date, nature, and general felony punishment range of the conviction.

---

[4] *Id.* at 1268–69.

[5] *United States v. Lopez-Medina*, 596 F.3d 716, 737–38 (10th Cir. 2010) (stating that "the jury was informed of the nature of Fowers' conviction, *i.e.*, that it was for possession with intent to distribute methamphetamine, which is all that *Howell* requires").

[6] *Howell*, 285 F.3d at 1268 (quoting 4 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence § 609.20[2] at 57–60).

## II.  CONCLUSION

It is therefore

ORDERED that the Government's Motion in Limine Regarding Defendant Hayes's Criminal History (Docket No. 50) is GRANTED.

Dated this 1st day of December, 2016.

BY THE COURT:

_____
United States District Judge
