IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>v.<br><br>JAMES DOUGLAS HAYES,<br><br>              Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S RULE 29 MOTION<br><br><br>Case No. 2:16-CR-261 |

This matter is before the Court on Defendant's Rule 29 Motion. Defendant made the Motion orally outside the presence of the jury after the close of the government's case-in-chief. Defendant argued that the evidence introduced by the government was insufficient to meet the government's burden of proof. For the reasons set out below, the Court will deny Defendant's Motion.

I. INTRODUCTION

Federal Rule of Criminal Procedure 29(a) provides:

> After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction. The court may on its own consider whether the evidence is insufficient to sustain a conviction. If the court denies a motion for a judgment of acquittal at the close of the government's evidence, the defendant may offer evidence without having reserved the right to do so.

Subsection (b) allows the Court to reserve its decision on the motion provided that the court "decide the motion on the basis of the evidence at the time the ruling was reserved." In considering a sufficiency of the evidence challenge, the Court must "review the evidence and its

1

reasonable inferences in the light most favorable to the government" and "determine whether a reasonable jury could find the defendant guilty beyond a reasonable doubt."[1] The Court must not "weigh conflicting evidence or consider witness credibility."[2]

In this case, Defendant is charged with four counts: Count 1 possession of Methamphetamine with intent to distribute; Count 2 conspiracy to distribute Methamphetamine; Count 3 possession of stolen goods; Count 4 transportation of stolen goods.

## II.  DISCUSSION

A. Count 1

Defendant is charged in Count 1 with a violation of 21 U.S.C. § 841(a)(1) and aiding and abetting in violation of 18 U.S.C. § 2.  The government must show: (1) the defendant knowingly or intentionally possessed a controlled substance as charged; (2) the substance was in fact a mixture or substance containing a detectable amount of Methamphetamine; (3) the defendant possessed the controlled substance with the intent to distribute it; and (4) the amount of controlled substance possessed by the defendant was at least 500 grams.  Congress has defined distribution as a "delivery," which "is further defined as 'the actual, constructive, or attempted transfer of a controlled substance.'"[3]

There is sufficient evidence from which a jury could find Defendant guilty on Count 1. As to the first element, both Monty Simpson and Can Whaley testified that Defendant procured

---

[1] *United States v. Ramos-Arenas*, 596 F.3d 783, 786 (10th Cir. 2010) (citing *United States v. Phillips*, 583 F.3d 1261, 1264 (10th Cir. 2009)).

[2] *Id.* (quoting *United States v. Castorena-Jaime*, 285 F.3d 916, 933 (10th Cir. 2002)).

[3] *United States v. Santistevan*, 39 F.3d 250, 255 (10th Cir. 1994) (quoting 21 U.S.C. § 802(8)).

between two and three pounds of methamphetamine from one of Defendant's suppliers, that Defendant paid some amount for it, and that Defendant promised to pay for the rest after the methamphetamine had been sold.

Regarding the second element, the parties have stipulated that government exhibits 1A through 1C consist of thirteen bags of methamphetamine with a purity of between 97.9% and 100%.[4]

As to the third element, the parties stipulated that thirteen bags of methamphetamine were recovered from various places within the travel trailer, which Defendant was towing behind his vehicle. Monty Simpson and Can Whaley testified that Mr. Simpson, Mr. Whaley and Defendant spoke multiple times about taking methamphetamine from California to Montana to distribute it where prices were higher. Mr. Whaley testified that Defendant chose the trailer to be stolen, came up with the idea of hiding the large amount of methamphetamine in the bumper of the trailer, helped hide the drugs while the trailer was parked at his home, and later towed the trailer toward Montana. This testimony is sufficient to show that Defendant possessed the methamphetamine with intent to distribute it.

As to the fourth element, Detective Mike Mitchell testified that government exhibits 1A through 1C consisted of methamphetamine weighing approximately two pounds, more than 1,000 grams.

Even if there was insufficient evidence to find that Defendant was a principal, there is sufficient evidence that Defendant aided and abetted under 18 U.S.C. § 2 by procuring the methamphetamine and helping to transport it.

---

[4] *See* Docket No. 54, at 3.

B. Count 2

Defendant is charged in Count 2 with a violation of 21 U.S.C. § 846. The government mush show that: (1) two or more persons agreed to violate the federal drug laws; (2) the defendant knew the essential objective of the conspiracy; (3) the defendant knowingly and voluntarily involved himself in the conspiracy; (4) there was interdependence among the members of the conspiracy; and (5) the overall scope of the conspiracy involved at least 500 grams of a mixture or substance containing a detectable amount of methamphetamine.

There is sufficient evidence from which a jury could find Defendant guilty on Count 2. As to the first element, Mr. Simpson and Mr. Whaley testified that they and Defendant repeatedly discussed obtaining methamphetamine in order to distribute it in Montana, which is a violation of federal drug laws.

As to the second element, Mr. Simpson and Mr. Whaley testified that the three of them had agreed to certain objectives; specifically, to obtain methamphetamine, transport it, exchange it for cash, and divide the proceeds between themselves.

As to the third element, Mr. Simpson and Mr. Whaley testified that Defendant involved himself in key aspects of the alleged crimes, including picking the trailer to be stolen, procuring a large quantity of drugs, deciding where to hide the drugs, helping to conceal the drugs, switching the license plate on the trailer, and towing the trailer towards Montana.

As to the fourth element, Mr. Whaley testified that each of the three men helped to pay for the methamphetamine at issue, and that each helped in some way to facilitate its distribution,

either by contributing money, procuring the methamphetamine, stealing the trailer, or by promising to "enforce" the transaction.  This is sufficient evidence of interdependence.

As to the fifth element, Detective Mike Mitchell testified that government exhibits 1A through 1C consisted of methamphetamine weighing approximately two pounds, more than 1,000 grams.

C. Count 3

Defendant is charged in Count 3 with possession of stolen goods in violation of 18 U.S.C. § 2315.  18 U.S.C. § 2315 provides, in part, that "(whoever) receives, conceals, stores, barters, sells, or disposes of any goods . . . of the value of $ 5,000 or more, . . . moving as, or which are a part of, or which constitute interstate or foreign commerce, knowing the same to have been stolen . . . . Shall be fined not more than $ 10,000 or imprisoned not more than ten years, or both."  The elements are: (1) The defendant received, possessed, concealed, or stored an item of stolen property as described in the indictment; (2) such item had crossed a state boundary after having been stolen; (3) the defendant knew the property had been stolen; and (4) such item had a value in excess of $5,000.

There is sufficient evidence from which a jury could find Defendant guilty on Count 3.  As to the first element, Mr. Simpson and Mr. Whaley testified that they transported the trailer to Defendant's home immediately after its theft, and that the trailer remained there for two or three weeks.  Further, Mr. Simpson and Mr. Whaley testified that Defendant applied new decals to change the trailer's appearance.  Mr. Whaley also testified that Defendant hired another person to

remove decals on the trailer, further altering its appearance.  Finally, Defendant was hauling the trailer when he was arrested in Utah.

As to the second element, the parties have stipulated that the 2013 Cruiser RV View Finder was stolen in Westminster, California, prior to its arrival in Utah.

As to the third element, Mr. Whaley testified that Defendant picked out the trailer to be stolen and promised Mr. Whaley that he would pay him if Mr. Whaley stole it.  Mr. Whaley testified that Defendant did in fact pay Mr. Whaley for the stolen trailer.  Further, Mr. Simpson and Mr. Whaley testified that Mr. Hayes switched the license plate on the trailer and applied new decals and/or hired another person to remove or apply decals that changed the appearance of the trailer.

As to the fourth element, the parties have stipulated that the Cruiser RV had a value of $5,000 or more on or about December 19, 2013.

D. Count 4

Defendant is charged in Count 4 with transportation of stolen goods in violation of 18 U.S.C. § 2314.  The essential elements are: (1) the defendant transported or caused to be transported in interstate commerce an item of stolen property as described in the indictment; (2) at the time of such transportation, the defendant knew that the property had been stolen; and (3) the item had a value of $5,000 or more.

There is sufficient evidence from which a jury could find Defendant guilty on Count 4. As to the first element, the parties have stipulated that the 2013 Cruiser RV View Finder was

stolen in Westminster, California, prior to its arrival in Utah, and Mr. Simpson and Mr. Whaley have testified that Defendant drove the vehicle that towed the trailer.

As to the second element, Mr. Whaley testified that Defendant picked out the trailer to be stolen and promised Mr. Whaley that he would pay him if Mr. Whaley stole it. Mr. Whaley testified that Defendant did in fact pay Mr. Whaley for the stolen trailer. Further, Mr. Simpson and Mr. Whaley testified that Mr. Hayes switched the license plate on the trailer and applied new decals and/or hired another person to remove or apply decals that changed the appearance of the trailer.

As to the third element, the parties have stipulated that the Cruiser RV had a value of $5,000 or more on or about December 19, 2013.

It is therefore

ORDERED that Defendant's Rule 29 Motion is DENIED.

Dated this 9th day of December, 2016

                        BY THE COURT:

                        Ted Stewart
                        United States District Judge