IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JAMES DOUGLAS HAYES,<br><br>　　　　　Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Respondent. | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE<br><br>Civil Case No. 4:19-CV-21 TS<br>Criminal Case No. 2:16-CR-261 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on a Motion Under § 2255 to Vacate, Set Aside, or Correct Sentence filed by Petitioner James Douglas Hayes. For the reasons discussed below, the Court will deny the Motion.

I.  BACKGROUND

After Petitioner and his companions were found transporting methamphetamine, he was indicted for, among other offenses, possession of methamphetamine with intent to distribute under 21 U.S.C. § 841(a)(1) and conspiracy to distribute methamphetamine under § 841(a)(1) and 21 U.S.C. § 846. The government also filed an information under 21 U.S.C. § 851(a)(1), notifying Petitioner that he may be subject to increased punishment based on a prior California drug conviction.

Petitioner proceeded to trial where he was found guilty on all counts. At sentencing, the Court sentenced Petitioner to 20 years in prison, the mandatory minimum term under 21 U.S.C. § 841(b)(1)(A). Petitioner appealed and his sentence was affirmed. Petitioner now brings this Motion asserting claims of ineffective assistance of counsel.

## II. DISCUSSION

28 U.S.C. § 2255(a) provides,

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Petitioner's claims are based on alleged ineffective assistance of counsel. The Supreme Court has set forth a two-pronged test to guide the Court in making a determination of ineffective assistance of counsel. "To demonstrate ineffectiveness of counsel, the defendant must generally show that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance was prejudicial."[1] To establish prejudice, Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[2]

A court is to review Petitioner's ineffective-assistance-of-counsel claim from the perspective of counsel at the time he or she rendered the legal services, not in hindsight.[3] In addition, in evaluating counsel's performance, the focus is not on "what is prudent or appropriate, but only what is constitutionally compelled."[4] To be constitutionally deficient, counsel's performance "must have been 'completely unreasonable, not merely wrong, so that it

---

[1] *United States v. Lopez*, 100 F.3d 113, 117 (10th Cir. 1996) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 690 (1984)).

[2] *Strickland*, 466 U.S. at 694.

[3] *Hickman v. Spears*, 160 F.3d 1269, 1273 (10th Cir. 1998).

[4] *United States v. Cronic*, 466 U.S. 648, 665 n.38 (1984).

bears no relationship to a possible defense strategy.'"[5]  "There is a strong presumption that counsel provided effective assistance, and a section 2255 defendant has the burden of proof to overcome that presumption."[6]  And "the absence of evidence cannot overcome the 'strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance.'"[7]

A.   FAILURE TO ADVISE

Petitioner first argues that his counsel was ineffective in allegedly failing to inform him of a plea offered by the government.  "During plea negotiations defendants are 'entitled to the effective assistance of competent counsel.'"[8]  With respect to the performance prong, the Supreme Court has stated that "defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused."[9]  "To show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel."[10]

---

[5] *Hoxsie v. Kerby*, 108 F.3d 1239, 1246 (10th Cir. 1997) (quoting *Hatch v. Okla.*, 58 F.3d 1447, 1459 (10th Cir. 1995)).

[6] *United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2000) (quoting *United States v. Williams*, 948 F. Supp. 956, 960 (D. Kan. 1996)).

[7] *Burt v. Titlow*, 571 U.S. 12, 23 (2013) (quoting *Strickland*, 466 U.S. at 689) (alteration in original).

[8] *Lafler v. Cooper*, 566 U.S. 156, 162 (2012) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)).

[9] *Missouri v. Frye*, 566 U.S. 134, 145 (2012).

[10] *Id.* at 147; *see also Lafler*, 566 U.S. at 164 (stating that "a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer

The Court conducted a *Frye/Lafler* colloquy with the parties at the final pretrial conference.[11] At that time, Defense counsel informed the Court that the most recent offer from the government was a sentence of ten to fifteen years' imprisonment.[12] She indicated that Petitioner "declined to accept that offer" and noted that they were "prepared to move forward to trial."[13] At the evidentiary hearing on the instant Motion, counsel testified that there was an offer extended of "six years with RDAP"[14] that did not require Petitioner to cooperate against other witnesses.[15] Counsel further testified that she conveyed this offer to Petitioner and that "[he] declined to accept that offer and wanted to proceed to trial."[16] However, counsel did not have a "specific recollection of dates, times, and what exactly was conveyed to him."[17] Petitioner testified that he did not recall being presented with a six-year plea offer and he would have accepted it if he had been.[18] He further believed that cooperation was required for any plea deal.[19]

---

would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed").

[11] *See* Case No. 2:16-CR-261 TS, Docket No. 141.
[12] *Id.* at 12:13–16.
[13] *Id.* at 12:16–18.
[14] Case No. 4:19-CV-21 TS, Docket No. 20, at 9:4.
[15] *Id.* at 31:7–32:11.
[16] *Id.* at 9:6–7.
[17] *Id.* at 24:16–17.
[18] *Id.* at 34:20–25.
[19] *Id.* at 36:1–4.

Based on the record before the it, the Court cannot conclude that counsel's performance was deficient. Counsel testified that she conveyed every offer to Petitioner, including the six-year deal, and Petitioner declined that offer. While she was unable to recall the specifics of those discussions, counsel testified that she remembered having many conversations with Petitioner about the advantages and disadvantages of going to trial versus pleading guilty, which was consistent with her practice. Petitioner's conclusory testimony to the contrary is simply not credible.

Even assuming counsel's performance was somehow deficient, Petitioner has failed to show prejudice. As stated, to demonstrate prejudice, Petitioner must show that, had counsel presented the offer, there is "a reasonable probability . . . (1) the defendant would have accepted it; (2) the state would not have withdrawn or cancelled the offer; (3) the court would have accepted the plea; and (4) the plea would have led to a more favorable result for the defendant."[20]

At the evidentiary hearing, Petitioner testified that he would have accepted the offer if it had been conveyed to him. However, the Court need "not take [Petitioner's] subjective testimony on faith. Instead, we [must] also consider the objective facts in the record."[21]

> [W]e remain suspicious of bald, post hoc and unsupported statements that a defendant would have changed his plea absent counsel's errors, and if the defendant can muster no other evidence of how he would have responded if he had received effective assistance of counsel, the inquiry will focus on the objective evidence.[22]

---

[20] *Smith v. Allbaugh*, 921 F.3d 1261, 1271 (10th Cir. 2019).

[21] *Sounders v. Dauffenbach*, 777 F. App'x 260, 270 (10th Cir. 2019).

[22] *Heard v. Addison*, 728 F.3d 1170, 1184 (10th Cir. 2013).

A "self-serving statement, which does no more than open the door to conjecture, is not enough."[23] Instead, Petitioner "must prove with evidence that there is a reasonable probability that . . . he would have accepted the plea agreement had [counsel] discussed it with him."[24] If "the record supports the conclusion [Petitioner] would not have accepted a plea agreement," he cannot demonstrate prejudice.[25]

The record of Petitioner's criminal case belies his claim that he would have accepted a six-year offer, let alone any offer. Petitioner vigorously litigated his case at every step, as is his right. This included filing a motion to suppress[26] and successfully having his first case dismissed on Speedy Trial grounds.[27] Additionally, Petitioner was set to change his plea on numerous occasions but never did.[28] All of the objective evidence points to the conclusion that Petitioner would not have pleaded guilty under any circumstance. Petitioner's self-serving statement that he would have accepted a different offer is not persuasive and is not enough to prevail on his claim.

B.   SECTION 851 ENHANCEMENT

Petitioner makes three arguments related to the imposition of the enhancement under 21 U.S.C. § 851. First, he argues that counsel rendered ineffective assistance by relieving the government of its burden to prove the identity of the substance involved in his prior state-court

---

[23] *United Sates v. Watson*, 766 F.3d 1219, 1226 (10th Cir. 2014).

[24] *Id.* at 1226–27.

[25] *White v. Crow*, 850 F. App'x 638, 644 (10th Cir. 2021).

[26] Case No. 2:14-CR-13 TS, Docket No. 85.

[27] Case No. 2:14-CR-13 TS, Docket No. 148.

[28] Case No. 2:14-CR-13 TS, Docket No. 42; Case No. 2:16-CR-261 TS, Docket Nos. 25, 29, and 31.

6

conviction. Second, he argues that counsel was ineffective for not objecting to the Presentence Report's finding that Petitioner's state-court conviction involved methamphetamine. Finally, Petitioner argues that counsel was ineffective for failing to object to the Court's failure to comply with the procedure required by § 851. Even assuming counsel's performance was deficient, he cannot show prejudice.

On direct appeal, the Tenth Circuit addressed Petitioner's claims that the § 851 enhancement was improperly applied. As it relates to Petitioner's first and second arguments, Petitioner argued that the government failed to prove that his prior conviction was a felony drug offense as required to enhance his sentence. Because Petitioner did not raise this issue previously, the Tenth Circuit reviewed it for plain error. The Tenth Circuit held that Petitioner could not meet the third element of the plain error standard—that any error affected his substantial rights—because Petitioner failed to show that this Court's conclusion that his state court conviction was a felony drug offense was erroneous.[29] With respect to Petitioner's third argument, the Tenth Circuit went on to say that Petitioner had "not shown he could have successfully challenged his 2005 conviction, so any failure to comply with § 851(b) was harmless."[30] The court also noted that Petitioner's claim would fail "under either the harmless error or plain error standard."[31]

---

[29] *United States v. Hayes*, 736 F. App'x 719, 723–24 (10th Cir. 2018).
[30] *Id.* at 724.
[31] *Id.* at 724 n.3.

"The standard for prejudice under *Strickland* is virtually identical to the showing required to establish that a defendant's substantial rights were affected under plain error analysis."[32] "In both instances, the party challenging a conviction must show a reasonable probability that absent the alleged error, the outcome of the proceeding would have been different."[33] Based upon the Tenth Circuit's analysis on direct appeal, Petitioner cannot show that he was prejudiced by counsel's alleged deficient performance concerning the application of the § 851 enhancement. That is, Petitioner cannot show a reasonable probability that the outcome would have been different had counsel lodged the objections of which he now complains. Therefore, this claim fails.

Further, Petitioner offers only conclusory statements that the government would not have been able to prove that his prior conviction was a felony drug offense. But such conclusory statements are insufficient to meet the *Strickland* prejudice prong.[34] Had the government been required to produce evidence supporting the existence of a prior felony drug offense, it would have done so. Moreover, Petitioner does not contend that his prior offense did not involve methamphetamine or that he could have successfully challenged his prior conviction under the procedure under § 851. He merely states that he "may well have admitted to possessing a

---

[32] *Becht v. United States*, 403 F.3d 541, 549 (8th Cir. 2005); *see also Williams v. Trammell*, 782 F.3d 1184, 1199 n.2 (10th Cir. 2015) ("It follows that when a substantial-rights standard requires no more than *Strickland*, as is true of the federal plain-error standard, the standards are virtually identical.") (internal quotation marks and citation omitted); *United States v. Hinson*, 475 F. App'x 298, 304 (10th Cir. 2012) (The substantial-rights prong of plain-error review is identical in form and substance to the prejudice prong of *Strickland*.").

[33] *Id.*

[34] *Kidwell v. Martin*, 480 F. App'x 929, 934 (10th Cir. 2012).

substance (or substances) outside the definition of a felony [drug] offense."[35] This vague statement is not enough to prevail on this claim. Therefore, all of Petitioner's claims relating to the imposition of the enhancement under § 851 fail.

### III.  CONCLUSION

It is therefore

ORDERED that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Docket No. 1 in Case No. 4:19-CV-21 TS) is DENIED and DISMISSED. It is further

ORDERED that pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the Court DENIES Petitioner a certificate of appealability.

DATED this 8th day of June, 2022.

BY THE COURT:

Ted Stewart
United States District Judge

---

[35] Docket No. 1, at 14.