IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>JAMES DOUGLAS HAYES,<br><br>                Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE<br><br>Case No. 2:16-CR-261 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion to Reduce Sentence. For the reasons discussed below, the Court will deny the Motion.

I.  BACKGROUND

Defendant was indicted for possession of methamphetamine with intent to distribute, conspiracy to distribute methamphetamine, possession of stolen goods, and transportation of stolen goods. The government also filed an information under 21 U.S.C. § 851(a)(1), notifying Defendant that he may be subject to increased punishment based on a prior California drug conviction.

Defendant proceeded to trial where he was found guilty on all counts. At sentencing, the Court sentenced Defendant to 20 years in prison, the mandatory minimum term under 21 U.S.C. § 841(b)(1)(A) but 10 years less than the low-end of the guideline range. Defendant appealed and his sentence was affirmed. Defendant then brought a motion under 28 U.S.C. § 2255, which was denied. Defendant now files the instant Motion seeking a reduction of his sentences to 10 years' imprisonment.

1

II.  DISCUSSION

"A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so."[1] 18 U.S.C. § 3582(c)(1)(A) allows the Court to modify a term of imprisonment under certain circumstances. Relevant here,

> the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction.

Where, as here, a defendant has fully exhausted their administrative rights,[2] the Court may reduce a defendant's term of imprisonment where: (1) "extraordinary and compelling reasons" warrant a sentence reduction; (2) the sentence reduction is consistent with "applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with the Court's consideration of the 18 U.S.C. § 3553(a) factors.[3]

The Court has the authority to exercise its independent discretion to define the term "extraordinary and compelling reasons."[4] Defendant first argues that changes made by the First

---

[1] *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996) (citations omitted).

[2] The government has not argued that Defendant has failed to exhaust his administrative remedies, resulting in waiver. *See United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021).

[3] 18 U.S.C. § 3582(c)(1)(A); *see also United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).

[4] *See McGee*, 992 F.3d at 1045 (holding district courts "have the authority to determine for themselves what constitutes 'extraordinary and compelling reasons,' but that this authority is

2

Step Act ("FSA") warrant a sentence reduction. The Court can consider changes in the law in determining whether extraordinary and compelling reasons support a sentence reduction.[5] However, a lengthy sentence imposed prior to the FSA "cannot, by itself, be an 'extraordinary and compelling' reason for sentence reduction."[6] "Instead, a district court may consider the legislative change . . . only in the context of an individualized review of a movant's circumstances" and "[c]ases in which those circumstances warrant a finding of 'extraordinary and compelling reasons' should be relatively rare."[7] Because the changes to the First Step Act alone are not sufficient to find extraordinary and compelling reasons for a sentence reduction, the Court goes on to consider Defendant's other arguments.

Defendant points to his post-sentencing efforts at rehabilitation. While the Court commends Defendant's progress, Congress has dictated that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for a sentence reduction.[8] Defendant further points to his health conditions. However, Defendant provides no evidence that the Bureau of Prisons has failed to provide him with necessary medical treatment. The Court is cognizant of Defendant's concerns about his health but there is nothing to suggest that his conditions cannot be treated while incarcerated. Finally, Defendant points to the divergent

---

effectively circumscribed by . . . the requirement that a district court find that a reduction is consistent with applicable policy statements issued by the Sentencing Commission").

[5] *United States v. Maumau*, 993 F.3d 821, 837 (10th Cir. 2021).

[6] *Id.* at 838 (Tymkovich, C.J., concurring); *see also McGee*, 992 F.3d at 1048 (stating that "the fact a defendant is serving a pre-First Step Act mandatory . . . sentence . . . cannot, standing alone, serve as the basis for a sentence reduction under § 3582(c)(1)(A)(i)").

[7] *Maumau*, 993 F.3d at 838 (Tymkovich, C.J., concurring).

[8] 28 U.S.C. § 994(t).

sentences received by his co-defendants. However, those sentences were based on the co-defendants' individual circumstances, including their acceptance of responsibility and substantial assistance.

Defendant argues that the facts of his case are similar to those in *Maumau*. There, the Tenth Circuit upheld a finding of extraordinary and compelling reasons for a sentence reduction given the defendant's unique circumstances. These included: "Maumau's young age at the time of sentencing; the incredible length of his stacked mandatory sentences under § 924(c); the First Step Act's elimination of sentence-stacking under § 924(c); and the fact that Maumau, if sentenced today,  . . . would not be subject to such a long term of imprisonment."[9]

The Court disagrees with Defendant's assessment. The only similarity between this case and *Maumau* is that Defendant would have received a different sentence if he were sentenced today. The remainder of the salient facts in that case are not present here. Moreover, the additional facts presented by Defendant, including his history of substance abuse and mental health issues, do not warrant a reduction. In sum, the reasons put forward by Defendant for a sentence reduction, either singly or in combination, do not show extraordinary and compelling reasons for a sentence reduction.

Even assuming Defendant had presented extraordinary and compelling reasons for a sentencing modification, he still must show that a sentence modification is warranted under the 18 U.S.C. § 3553(a) factors.[10] The Court's consideration of the §3553(a) factors leads to the conclusion that a sentence reduction is not appropriate. The offense here was serious. Defendant

---

[9] *Maumau*, 993 F.3d at 837 (quotation marks omitted).

[10] 18 U.S.C. § 3582(c)(1)(A); *see also McGee*, 992 F.3d at 1042.

4

and his co-defendants were caught transporting a large amount of methamphetamine from California to Montana. The devastating effect of methamphetamine on society is well known. Importantly, Defendant's role in the offense was significant. He obtained the methamphetamine, he provided a handgun to his co-defendant and brought his co-defendant on the trip for security, he pointed out the travel trailer he wanted his co-defendants to steal, he took efforts to conceal the stolen nature of the travel trailer, he chose where to hide the drugs, and he helped his co-defendants package and conceal the drugs, The sentence Defendant received reflects the seriousness of his conduct and was necessary to promote respect for the law and provide just punishment. The sentence imposed was and is necessary to provide deterrence to this Defendant and others, and to protect the public. The other facts outlined by Defendant in his Motion do not alter the Court's assessment. Therefore, a sentence reduction is not appropriate under the relevant factors.

### III. CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Reduce Sentence Reduction (Docket No. 165) is DENIED.

DATED this 30th day of November, 2022.

BY THE COURT:

_____
Ted Stewart
United States District Judge